IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRIAN L. HORST,                           :

      Plaintiff,                          :       Case No. 3:17-cv-13

vs.                                       :       JUDGE WALTER H. RICE

NANCY A. BERRYHILL,                       :       MAGISTRATE JUDGE
                                                  MICHAEL J. NEWMAN
Acting Commissioner of the                :
Social Security Administration,
                                          :
      Defendant.

---

DECISION AND ENTRY REJECTING REPORT AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE (DOC. #10); OBJECTIONS OF
PLAINTIFF, DARLENE GENTRY, TO SAID JUDICIAL FILING (DOC. #11)
ARE SUSTAINED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF
AND AGAINST DEFENDANT NANCY A. BERRYHILL, ACTING
COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,
REVERSING THE DEFENDANT COMMISSIONER'S DECISION THAT
PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO
BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE
CAPTIONED CAUSE PURSUANT TO THE FOURTH SENTENCE OF 42
U.S.C. § 405(g) FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS
OPINION; TERMINATION ENTRY

---

Plaintiff Brian L. Horst ("Plaintiff") has brought this action pursuant to 42 U.S.C.

§ 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of

the Social Security Administration ("Commissioner"), denying Plaintiff's application for

Supplemental Security Income ("SSI"). On January 17, 2018, Magistrate Judge Michael

J. Newman filed a Report and Recommendations, Doc. #10, recommending that the

Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to

benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be affirmed. Based upon a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #5, and a thorough review of the applicable law, this Court REJECTS the Report and Recommendations and SUSTAINS Plaintiff's Objections, Doc. #11, to said judicial filing. The Court, in so doing, orders the entry of judgment in favor of Plaintiff and against the Commissioner, reversing the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act, and remanding the matter, pursuant to Sentence Four of 42 U.S.C. § 405(g), to the Commissioner for further proceedings.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938). "Substantial evidence means more than

2

a mere scintilla, but only so much as would be required to prevent a directed verdict."[1] *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

---

[1] Now known as a "Judgment as a Matter of Law." Fed. R. Civ. P. 50.

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. On January 23, 2007, Stephanie Fitz, M.D., Plaintiff's treating psychiatrist, opined that Plaintiff "had extreme limitations in his ability to maintain attention and concentration for extended periods; in his ability to perform activities within a schedule, maintain regular attendance, and be punctual with customary tolerances; and in his ability to complete a normal workday and workweek without limitations." Doc. #10, PAGEID #1064 (citing Doc. #5-8, PAGEID #801-09). The Commissioner's Administrative Law Judge ("ALJ") gave the opinion "no weight" because it "significantly predates the application filing date[2], and would be mere speculation regarding the claimant's functioning six and seven years later[,] in 2013 and 2014." Doc. #5-2, PAGEID #67. Medical evidence outside the alleged disability period may not be the sole evidence of record relied upon in finding a claimant disabled. However, "[r]ecords and medical opinions from outside the insured period can only be used in 'helping to elucidate a medical condition during the time for which benefits might be rewarded.'" *Bannister v. Astrue*, 730 F. Supp. 2d 946, 951 (S.D. Iowa 2010) (quoting *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006)).

Moreover, and contrary to the ALJ's conclusion that the opinion "is not consistent with the findings on multiple mental status examinations during the relevant period, or with the claimant's performance at college[,]" Doc. #5-2, PAGEID #67, Plaintiff's treatment

---

[2] Unlike disability insurance benefits, SSI does not backdate to an alleged disability onset date. 20 C.F.R. § 416.335

4

history—even after the filing date—"continue[d] to document depressed and/or anxious mood; constricted affect; circumstantial thought process; and persecutory and/or paranoid thought content." Doc. #11, PAGEID #1072 (citing Doc. #5-7, PAGEID #356-357, 410, 412-413, 415, 418-419, 424-425, 427, 514-515, 517). In sum, the ALJ failed to provide the required "good reasons" for assigning no weight to Dr. Fitz's opinion. Accordingly, the Court must reject the Magistrate Judge's conclusion that the ALJ's evaluation of that opinion was supported by substantial evidence. Doc. #10, PAGEID #1066.

2.  Bruce Goldsmith, Ph.D., and Robyn Hoffman, Ph.D., the Commissioner's record-reviewing psychologists, opined that Plaintiff "was limited to simple, repetitive tasks that did not require extended periods of concentration, were not fast paced and did not have unusual production demands. They further opined [that] the claimant was limited to occasional and superficial interpersonal contact, and to occasional changes in the work setting." Doc. #5-2, PAGEID #67 (citing Doc. #5-3, PAGEID #126-28; 139-41). The ALJ assigned "considerable partial weight for their consistency with the findings in the record; however, the abilities of the residual functional capacity [('RFC')] above are consistent with reports of attending and doing well in school and are consistent with the findings of record." *Id*. The Court is unclear as to what the ALJ meant in assigning "considerable partial weight" to an opinion, and the ALJ does not further explain. Moreover, the limitations opined by Drs. Goldsmith and Hoffman were incorporated into Plaintiff's RFC, *id*., PAGEID #62, 67, and the ALJ does not state which portions, if any, of Drs. Goldsmith and Hoffman's opinions were excluded from the RFC; nor does he explain why any such portions were excluded. The ALJ's failure to build a logical bridge between

5

the evidence of record and Plaintiff's RFC necessitates that the captioned cause be remanded. *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009).[3]

3. Plaintiff argues that "[t]he ALJ's decision should be reversed and remanded pursuant to 42 U.S.C. § 405(g) for payment of benefits." Doc. #11, PAGEID #1075-76. However, evidence of Plaintiff's disability is not overwhelming; nor is evidence of disability strong while evidence of non-disability lacking. Accordingly, the Court must remand the captioned cause to the Commissioner for further proceedings, rather than for an award of benefits. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

WHEREFORE, based upon the aforesaid, this Court REJECTS the Report and Recommendations of the Magistrate Judge, Doc. #10. Plaintiff's Objections to said judicial filing, Doc. #11, are SUSTAINED. Judgment shall enter in favor of the Plaintiff and against the Commissioner, reversing the Commissioner's decision that Plaintiff was not disabled, and, pursuant to the fourth sentence of 42 U.S.C. § 405(g), remanding the captioned cause to the Commissioner for further proceedings consistent with this opinion.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

---

[3] On remand, the Commissioner will again assess Plaintiff's credibility regarding the severity of his impairments. Thus, the Court need not evaluate Plaintiff's Objection that the ALJ's determination of his credibility was erroneous. Doc. #11, PAGEID #1073-75.

March 1, 2018

_____
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT